## BISHOP *vs.* SNELL.

1. *Vendor's lien extends not to exchanged lands.*—A vendor's lien for the unpaid purchase-money of land cannot be enforced against other lands, obtained by the purchaser in exchange for those sold by the vendor.

APPEAL from the Chancery Court of Henry.
Heard before the Hon. M. J. SAFFOLD.

THE bill in this case was filled by Thomas E. Bishop, against Mrs. Susannah Snell and A. J. Biggers; and William Snell, the husband of said Susannah, was afterwards made a party defendant by consent. It alleged, that the complainant was the owner of two promissory notes, made by Mrs. Snell, and payable to one Jesse M. Rowe; that said notes were given in part payment of the purchase-money of a tract of land, sold by said Rowe to Mrs. Snell, and were obtained by the complainant from said Rowe, for valuable consideration, without endorsement; that the lands thus purchased were afterwards conveyed by Mrs. Snell to A. J. Biggers, in exchange for other lands conveyed by him to her; and that Mrs. Snell, at the time said exchange was made, fraudulently concealed from Biggers the fact that said notes were still outstanding and unpaid. The prayer of the bill was for a sale of the lands obtained by Mrs. Snell in exchange, to satisfy the notes held by the complainant, and for general relief. The chancellor sustained a demurrer to the bill, for want of equity; and his decree is now assigned as error.

MARTIN, BALDWIN & SAYRE, for appellant.
PUGH & BULLOCK, *contra.*

A. J. WALKER, C. J.—There is a doctrine of equity, "that there is a lien for the unpaid purchase-money of land

upon the land bought ; but there is no rule, that this lien extends to other lands, for which the land bought may have been exchanged.

The chancellor's decree must be affirmed.